Mr. Justice Thacher
delivered the opinion of the court.
The plaintiff instituted an action against the defendant, as an absconding debtor, by the process of attachment. The defendant pleaded in abatement, traversing the allegation of his absconding, as contained in'the affidavit. A demurrer to this plea was overruled, and a jrrdgment, abating the action, given in the circuit court.
The principle to be decided is, whether a defendant in attachment has a right, by plea in abatement, to contest the truth of the fact alleged, as the ground of the attachment, where the affidavit and the proceedings appear on their face to be regular and sufficient.
The statute makes it the duty of the judge, or justice, to issue the process of attachment, if the affidavit required by law and the bond, are made and executed by the plaintiff. Upon a performance of these requisitions, a plaintiff becomes entitled to the process. This privilege he obtains from the statute, which also protects the defendant, in the event of its abuse by the plaintiff, by affording him a remedy on the bond, in case the writ is wrongfully sued out. The truth of the affidavit is not a traversable fact in the action commenced by attachment. 5 Stew. & Port. (Ala.) 158.
In the case of James v. Dowell, 7 S. & M. 333, the point decided was, that the statute (How. & Hutch. 597, § 43,) which makes it lawful for a defendant, in any suit, to plead as many pleas in bar of the action as he shall choose, although some of said pleas may be to the party, or to the character of the parties suing, includes pleas in abatement, if they be for different causes of abatement.
The judgment is reversed, the demurrer sustained in this court as it should have been in the circuit court, with a judgment of respondeat ouster in the circuit court, under which the defendant must plead to the merits of the action.